**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Debus, Kazan & Westerhausen Limited,

               Plaintiff,

v.

Dardanel  Robinson, et al.,

               Defendants.

No. CV-13-01214-PHX-DGC

**ORDER**

Plaintiff Debus, Kazan & Westerhausen, Ltd. has filed a motion for summary judgment.  Doc. 37.  Defendants Dardanel Robinson and Howard Wheeler were ordered by the Court on March 5, 2014 to file a response to the motion by March 21, 2014.  Doc. 39.  Defendants did not comply.  Plaintiff has also filed a motion to strike the amended answer and counterclaim filed on January 3, 2014 (Doc. 36) by Defendant Dardanel Robinson.  Doc. 38.  Defendants have not responded.  For the reasons that follow, the Court will grant both motions.

## I.  Background.

This action seeks to collect attorney's fees and costs owed to Plaintiff by Defendants.  Doc. 37 at 2.  The parties entered into a contract for legal services to be provided by Plaintiff to Defendant Robinson's son in a first-degree murder prosecution.  *Id.*; Doc. 1 at 9-13.  Defendants are co-guarantors of the contract.  Docs. 37 at 2, 1 at 13.  Defendants have refused to pay the $109,040.16 which is due and owing under the contract.  Doc. 1, ¶ 15.  Plaintiff commenced this action on June 12, 2013 in Maricopa

County Superior Court and it was removed to this Court on June 18, 2013. Doc. 1. Defendants filed an "answer and cross-claims" on September 9, 2013, asserting several affirmative defenses and counterclaims. Doc. 23. Defendant Wheeler filed an "amended answer and counterclaim" on September 27, 2013, which is substantively the same as the September 9, 2013 filing. Doc. 28. Defendant Robinson filed an amended answer and counterclaim on January 3, 2014, after the deadline for amendments had passed, adding a new affirmative defense. Doc. 36; Doc. 38 at 1.

## II.   Motion for Summary Judgment.

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]

Fed. R. Civ. P. 56(e)(2); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (holding that summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case"); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").[1]

Plaintiff has provided a contract, signed by Defendants, and a billing statement showing the amount due. Doc. 1 at 9-13, 15-17. Its breach of contract claim appears to be well-founded. Defendants were admonished that if they did not respond to Plaintiff's motion by March 21, 2014, the motion would be deemed ready for decision on the

---

[1] *See also* LRCiv 56.1(b) ("Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the nonmoving party."); LRCiv 7.2(i) ("[I]f the unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

following day.  Doc. 39.  Defendants have neither responded nor produced any evidence disputing the validity of the contract or the billing statement.  The Court will grant Plaintiff's motion because the undisputed evidence offered in support of the motion "show[s] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex*, 477 U.S. at 322-23.

**III.    Motion to Strike.**

The Court's case management order entered on September 23, 2013, set the deadline for joining parties, amending pleadings, and filing supplemental pleadings at 30 days from the date of the order.  Doc. 26 at 1.  Defendant Robinson's January 3, 2014 Amended Complaint and Counterclaim (Doc. 36), is well past the deadline and was filed without the Court's permission.  The Court will accordingly grant the motion to strike.

**IT IS ORDERED** that Plaintiff's motion for summary judgment (Doc. 37) and motion to strike (Doc. 38) are **granted**.  The Clerk shall **terminate** this action.

Dated this 31st day of March, 2014.

David G. Campbell
United States District Judge